UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HARVEE J. PRATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18 CV 163 CDP |
| | ) |
| CARL ROSE, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Harvee J. Pratcher for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the financial information submitted by plaintiff, the Court has determined that he lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $14.63. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will stay plaintiff's action until final disposition of plaintiff's pending criminal case.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. (Docket No. 5). The certified inmate account statement shows an average monthly deposit of $73.13. The Court will therefore assess an initial partial filing fee of $14.63, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

2

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be construed within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently a federal pretrial detainee being held at the Cape Girardeau County Jail in Jackson, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint consists of a Court-provided form and five attached exhibits.[1] He names Detective Carl Rose and F.B.I. Agent Brian Ritter as defendants.[2] They are sued in both their official and individual capacities.

Plaintiff states that a Food Giant was robbed in Cape Girardeau, Missouri, on October 1, 2017. (Docket No. 1 at 3). The robbery was allegedly committed by two black males. On October 19, 2017, a search warrant was issued by the Scott County Circuit Court. (Docket No. 1 at 3, 12). Detective Rose provided an affidavit of probable cause. (Docket No. 1 at 4). The

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

[2] A suit for damages brought against a federal official for alleged violations of the Constitution is brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). However, claims under *Bivens* and claims pursuant to 42 U.S.C. § 1983 "involve the same analysis" and can be considered together. *See Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

3

affidavit states that video from the outside of the Food Giant store showed a vehicle involved in the crime as being registered to plaintiff. (Docket No. 1 at 18). The affidavit also gives a description of one of the suspects as wearing a gray hooded sweatshirt and black pants. According to Detective Rose, the vehicle allegedly involved in the robbery was located at plaintiff's residence.

Plaintiff states that it was his "SUV the suspect left in." (Docket No. 1 at 4). However, he insists that he did not commit a robbery. (Docket No. 1 at 5). Moreover, he states that towing his vehicle and then searching it went beyond the scope of the search warrant and violated his Fourth Amendment rights. Furthermore, he claims there is insufficient evidence to hold him in jail, and that his arrest and detention is a miscarriage of justice.

Plaintiff seeks to be released from jail because he has been "locked up [f]or [n]o [r]eason" and is being held unlawfully. (Docket No. 1 at 6). He also seeks $200,000 from each defendant for compensatory damages, punitive damages, and pain and suffering.

**Discussion**

Plaintiff's claims will be stayed until final disposition of his pending criminal action. The United States Supreme Court has held that in order to recover damages under § 1983 for an unconstitutional conviction or imprisonment, a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages regarding a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id*. at 487. *See also Newmy v. Johnson*, 758 F.3d 1008, 1009 (8th Cir. 2014); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).

4

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before he is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff's underlying criminal case is *United States v. Thompson, et al.*, No. 1:17-cr-00108-RLW-ACL-2 (E.D. Mo.). He is charged with two counts of aiding and abetting the interference with commerce by threat or violence, and two counts of aiding and abetting the possession of a firearm in furtherance of a crime of violence. The charges stem from the robbery of a Food Giant store in Cape Girardeau, Missouri, and a second robbery of a Food Giant store in Chaffee, Missouri.

Plaintiff's § 1983 action is based on the same set of facts and circumstances giving rise to his federal criminal charges currently pending before the United States District Court for the Eastern District of Missouri. The focus of his § 1983 case is on the alleged actions of defendants with regards to the search warrant issued in his case. Specifically, he claims that defendants went beyond the scope of the search warrant when they towed and searched his vehicle. He also states there is insufficient evidence to hold him. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. Indeed, plaintiff has a

motion to suppress currently pending before the court in his criminal case. As such, the principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). Plaintiff's motion will be denied at this time as these proceedings will be stayed pending final disposition of the criminal charges against him.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $14.63 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *United States v. Thompson, et al.*, No. 1:17-CR-00108-RLW-ACL-2 (E.D. Mo.), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *United States v. Thompson, et al.*, No. 1:17-CR-00108-RLW-ACL-2 (E.D. Mo.), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of all direct appeals and post-conviction proceedings.

Dated this 30th day of November, 2018.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE